UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MICHAEL STEVENS, # 175972,

        Petitioner,

                              CASE NO. 13-13268

v.

                              HON. MARK A. GOLDSMITH

MARY BERGHUIS,

        Respondent.

_____/

## ORDER DENYING RESPONDENT'S
## MOTION TO DISMISS THE HABEAS PETITION (Dkt. 6)

### I.  INTRODUCTION

Petitioner David Michael Stevens, currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed a pro se habeas corpus petition challenging his state conviction for operating a vehicle while under the influence of a controlled substance. Respondent Mary Berghuis argues in a pending motion to dismiss the habeas petition that Petitioner failed to exhaust state remedies for all his claims.  The Court agrees, but because the Court opts to give Petitioner an opportunity to seek a stay or to voluntarily dismiss his unexhausted claims, the motion to dismiss the habeas petition (Dkt. 6) is denied.  A procedural history and analysis follow.

### II.  BACKGROUND

On January 20, 2011, a jury in Wayne County Circuit Court found Petitioner guilty of operating a vehicle while under the influence of a controlled substance, third offense, Mich.

Comp. Laws § 257.625(1)(a).  On February 15, 2011, the trial court sentenced Petitioner as a habitual offender to imprisonment for three-to-fifteen years.

In an appeal to the Michigan Court of Appeals, Petitioner argued through counsel that he was denied his right to due process when (i) the trial court denied his motion for a continuance to file an interlocutory appeal, (ii) the trial court denied his motion for a directed verdict of acquittal, and (iii) the prosecution failed to prove all the elements of the offense beyond a reasonable doubt.  Pet. at cm/ecf Pg ID 28-41.

In a supplemental brief, Petitioner made the following additional arguments:  (i) he was denied his right to due process when his request for an independent chemical test was denied; (ii) he was denied his right to due process when his motion to suppress a blood test was denied; (iii) his arraignment and preliminary examination were unlawfully delayed and he was denied a speedy trial; and (iv) his trial attorney was ineffective for failing to (a) object to the issues raised in his brief, (b) move for an interlocutory appeal when his motion to dismiss was denied, and (c) produce medical evidence that Petitioner was diabetic.  Id. at 44-52.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished, per curiam opinion.  People v. Stevens, No. 304033, 2012 WL 4512575 (Mich. Ct. App. Oct. 2, 2012).  Petitioner apparently raised the same claims in the Michigan Supreme Court, which denied leave to appeal because it was not persuaded to review the issues.[1]  See People v. Stevens, 823 N.W.2d 570 (Mich. 2012) (table).

---

[1] Respondent did not file any state court records with her motion to dismiss, but she alleges that the same claims which Petitioner presented to the Michigan Court of Appeals were also presented to the Michigan Supreme Court.  Resp. Br. at 5 (Dkt. 6).

On July 24, 2013, Petitioner signed and dated his habeas petition.[2]  His grounds for relief read as follows:

> (1) unlawful delay of arraignment;
> (2) unlawful delay of preliminary exam;
> (3) denied motion to suppress blood test;
> (4) denied request for independent chemical test;
> (5) prosecutor denied signing warrant, based on blood test results, circuit court judge threw blood results out.  Warrant is no longer admissible;
> (6) unlawful waiver of 14-day rule;
> (7) due process violation, interlocutory appeal was denied;
> (8) direct verdict was denied;
> (9) prosecuted and convicted on evidence which failed to satisfy the burden of reasonable doubt;
> (10) right to speedy trial; and
> (11) ineffective assistance of counsel.

Pet. at 4-12 (Dkt. 1).

The Court understands the eleventh claim to allege that Petitioner's trial attorney:

> (a) failed to object to the delay in the arraignment;
> (b) performed "no investigation of waiver for prelim exam;"
> (c) failed to object to the warrant;
> (d) lacked a trial strategy;
> (e) failed to object to the delay in holding the preliminary exam;
> (f) did not suggest an interlocutory appeal;
> (g) was lax and uncaring; and
> (h) failed to ask a doctor to explain the symptoms of diabetes.

Id. at 12.

### III.  DISCUSSION

Respondent argues in her motion to dismiss the habeas petition that Petitioner failed to exhaust state remedies for at least two of the subclaims mentioned in his eleventh claim.  Resp. Br. at 7-12.  Petitioner replies that he did exhaust state remedies.  Pet. Br. at 1-3 (Dkt. 7).

It is well-established that state prisoners are required to exhaust available state remedies before they present their claims to a federal court in a habeas corpus petition.  See 28 U.S.C. §

---

[2] The Clerk of the Court received and filed the petition on July 30, 2013.

2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan, 526 U.S. at 845. Thus, to properly exhaust state remedies, a habeas petitioner must fairly present each of his or her claims to the state court of appeals and to the state supreme court. Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner clearly raised habeas claims one through four and eight through ten in the Michigan Court of Appeals and, presumably, in the Michigan Supreme Court. He arguably exhausted state remedies for claim six and seven as well. Claim six regarding the fourteen-day rule is related to claim two (unlawful delay in the preliminary examination), which was raised in Petitioner's supplemental brief on appeal. And the facts supporting claim seven allege that Petitioner was denied an opportunity to obtain an independent chemical test. This allegation is similar to habeas claim four, which was raised in Petitioner's supplemental appellate brief. The Court, therefore, considers claims one through four and six through ten to be exhausted.

The Court has found no mention of habeas claim five regarding the prosecutor and the warrant in Petitioner's appellate brief. Portions of claim eleven also were not raised in Petitioner's state appellate brief. The unexhausted portions of claim eleven are: 11.b ("no investigation of waiver for prelim exam"); 11.c ("no objection for warrant being based on blood test results" [and even] "though Defendant's motion for blood test was thrown out, warrant should have been also thrown out"); 11.d ("no trial strategy at all"); and 11.g ("attorney was so

lax and uncaring"). Petitioner arguably exhausted state remedies for the other subclaims in claim eleven.

Because Petitioner appears to have exhausted state remedies for some of his claims, but not other claims, the habeas petition is a "mixed" petition of exhausted and unexhausted claims. When faced with a "mixed" petition, a federal district court may

> (1) dismiss the mixed petition in its entirety, <u>Rhines</u> [ v. Weber, 544 U.S. 269, 274 (2005)]; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, <u>id.</u> at 275; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, <u>id.</u> at 278; or (4) ignore the exhaustion requirement altogether and <u>deny</u> the petition on the merits if <u>none</u> of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). <u>See</u> <u>Rockwell v. Yukins</u>, 217 F.3d 421, 425 (6th Cir. 2000).

<u>Harris v. Lafler</u>, 553 F.3d 1028, 1031-1032 (6th Cir. 2009) (emphasis in original).

Due to the one-year statute of limitations for habeas corpus petitions, <u>see</u> 28 U.S.C. § 2244(d), a dismissal of this action could preclude Petitioner from raising his claims in a future habeas corpus petition following exhaustion of additional state remedies. The Court, therefore, believes the best approach here is to permit Petitioner to dismiss his unexhausted claims and to proceed with his exhausted claims or to allow Petitioner to seek a stay of this action while he returns to state court and pursues additional state remedies.

Accordingly, Respondent's motion to dismiss the habeas petition (Dkt. 6) is denied. Petitioner shall have thirty (30) days from the date of this order to notify the Court whether he wants to

> (1) dismiss his unexhausted claims (claim five and subclaims b, c, d, and g of claim eleven)
>
> or
>
> (2) seek a stay of this action while he returns to state court and pursues state remedies for his unexhausted claims.

5

Failure to comply with this order within thirty days of the date of this order may result in the

dismissal of this action.

SO ORDERED.

Dated: July 23, 2014                          s/Mark A. Goldsmith
       Flint, Michigan                        MARK A. GOLDSMITH
                                              United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2014.

                                              s/Deborah J. Goltz
                                              DEBORAH J. GOLTZ
                                              Case Manager